# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| GERMAINE SMART, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19-cv-00471-MHH-JHE |
| RONALD ENGLAND, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Mr. Smart has sued Corrections Officer Ronald England and the Alabama Department of Corrections for sexual assault and retaliation. Mr. Smart contends that Officer England sexually assaulted him and then filed a false disciplinary report against him because he (Mr. Smart) reported the sexual assault to Officer England's superior. (Doc. 1, pp. 3, 7). Mr. Smart asks the Court to award damages and to compel the Department of Corrections to discipline Officer England. (Doc. 1, p. 3). The magistrate judge filed a report in which he recommended that the Court dismiss this § 1983 action without prejudice for failing to state a claim upon which relief can be granted. (Doc. 10). Mr. Smart has objected to the report and recommendation. (Doc. 13).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A

district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" *United States v. Raddatz*, 447 U.S. 667, 673 (1980) (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)) (emphasis in *Raddatz*).

Mr. Smart challenges one of the factual findings in the report. He asserts that Officer England, not Captain Malone as reported by the magistrate judge, initiated a disciplinary report against him for lying. (Doc. 13, pp. 1-2). Mr. Smart is correct; he alleges in his complaint that Officer England filed a disciplinary report in which he charged Mr. Smart with the offense of lying. (Doc. 1, p. 7).

In addition to that factual objection, Mr. Smart challenges several aspects of the analysis in the report. With respect to the magistrate judge's finding that Mr. Smart cannot assert a private cause of action under the Prison Rape Elimination Act, (Doc. 10, p. 6), Mr. Smart states that he did not intend to assert a claim under the

Act, (Doc. 13, p. 2).  The magistrate judge broadly interpreted Mr. Smart's contention that Officer England "sexually assaulted" him "in a violation of the Eighth Amendment of the United States Constitution and the Prison Rape Elimination Act," (Doc. 1, p. 5), as an attempt to state a claim under the statute.  Mr. Smart explains that he cited the PREA as the source of ADOC's Standard Operating Procedure concerning inmate sexual abuse and harassment.  (Doc. 13, p. 2).  The Court accepts Mr. Smart's clarification of his claims.

Mr. Smart challenges the magistrate judge's finding that there was some evidence to support the finding of guilt on Sergeant England's disciplinary charge of "512 – Lying," barring Mr. Smart's retaliation claim against Sergeant England.  (Doc. 10, pp. 6-8; Doc. 13, pp. 4-8).  Mr. Smart argues that under ADOC regulations, Sergeant England should not have been allowed to bring the disciplinary charge in the first place, so the disciplinary proceeding cannot shield Sergeant England from a retaliation claim.

Mr. Smart relies on ADOC OPR Regulation 454, "INMATE SEXUAL ABUSE AND HARASSMENT (Prison Rape Elimination Act [PREA])."[1] Regulation 454 provides that ADOC "maintain[s] a zero-tolerance policy against

---

[1] Mr. Smart cites ALDOC Standard Operating Procedure 229.  (Doc. 13, pp. 2, 3, 7).  The Court found the regulation at OPR Regulation 454.  The regulation is available at http://www.doc.state.al.us/docs/AdminRegs/AR454.pdf.

3

inmate sexual abuse and harassment and custodial sexual misconduct." OPR 454, § II. With respect to inmate reporting of sexual misconduct, the regulation states:

> Disciplinary action may be taken when an investigation by the IPCM and/or I&I Investigator determines that an inmate made a false report of sexual abuse or sexual harassment.

OPR 454, § V(H)(2)(b).

> However, an inmate reporting sexual abuse or sexual harassment, shall not be issued a disciplinary report for lying based solely on the fact that their allegations were unfounded or that the inmate later decides to withdraw his / her allegation.

OPR 454, § V(H)(2)(c). An "Unfounded Allegation" is "[a]n allegation that was investigated and determined not to have occurred." OPR 454, § III(A)(2). The regulation also states:

> Retaliation in any form for the reporting of, or cooperation with, sexual abuse or harassment allegations is strictly prohibited.
>
> The Warden and IPCM shall ensure inmates and staff who report sexual abuse, sexual harassment, or cooperate with a sexual abuse investigation are protected from retaliation by other inmates or staff.

OPR 454, § V(K)(1), (2).

Citing *O'Bryant v. Finch*, 637 F.3d 1207 (11th Cir. 2011), the magistrate judge stated: "If there is some evidence the plaintiff violated the disciplinary infraction he was charged with, the retaliation claim must fail." (Doc. 10, p. 7). That is a correct statement of law, but Mr. Smart contends that he could not have been charged in the first place under OPR 454, § V(H)(2)(c) because the I&I Investigator

4

who reviewed his charge of sexual misconduct against Sergeant England found that the charge was unfounded, not false.  (Doc. 13, p. 4; *see also* Doc. 1, pp. 6-8).

Sergeant England charged the "Lying" violation of Rule 512 as follows: "You inmate Germaine Smart B/M 193127 made an allegation against Sergeant Ronald England on 09/09/2016.  Further investigation by I&I Investigator George Bynum completed his investigation on 03/06/2017.  Disposition Showed this case 'Unfounded and Closed.'  Therefore, you are being charged with Lying." (Doc. 1, p. 8).  Sergeant England provided no other grounds for the disciplinary charge. Therefore, at this stage of this § 1983 action, it appears that Officer England, in bringing the "Lying" disciplinary charge against Mr. Smart, violated the regulatory instruction that an inmate reporting sexual misconduct "shall not be issued a disciplinary report for lying based solely on the fact that their allegations were unfounded."  OPR 454, § V(H)(2)(c).

Sergeant England's inability, under ADOC's PREA regulation, to bring a disciplinary charge against Mr. Smart, on the record currently before the Court, distinguishes this case from the *O'Bryant* case.  So does the state of the record; *O'Bryant* was decided at the summary judgment stage, not on a preliminary screening of a prisoner complaint.  *O'Bryant*, 637 F.3d at 1208.  Still, the *O'Bryant* decision offers guidance for this case.

In *O'Bryant*, the Eleventh Circuit explained: "To prevail on a retaliation claim, the inmate must establish that: '(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance].'" *O'Bryant*, 637 F.3d at 1212 (quoting *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008)). It may be that ADOC adopted OPR 454, § V(H)(2)(c) to ensure that prisoners are not deterred from reporting sexual misconduct, given ADOC's "zero-tolerance policy against inmate sexual abuse and harassment and custodial sexual misconduct." OPR 454, § II.

In reaching its decision in *O'Bryant*, the Eleventh Circuit relied on the following passage from the Supreme Court's decision in *Superintendent v. Hill*:

> Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

*O'Bryant*, 637 F.3d at 1214 (quoting *Superintendent v. Hill,* 472 U.S. 445, 4457 (1985)). The record before the Court indicates that the hearing officer for Mr. Smart's disciplinary hearing found only that "Inmate Smart [*sic*] allegation" of sexual misconduct "against Sgt. England is unfounded." (Doc. 1, p. 9). On that lone finding, the hearing officer determined that Mr. Smart was guilty of lying. (Doc. 1,

6

p. 9). In light of OPR 454, § V(H)(2)(c)'s prohibition on the issuance of a disciplinary report based only on the fact that an inmate's "allegations [of sexual abuse or sexual harassment] were unfounded," the hearing officer's finding of guilt is arbitrary and devoid of evidence of other conduct that would enable Sergeant England to pursue a lying charge against Mr. Smart based on Mr. Smart's report that Sergeant England grabbed his penis during a shake down.

The Court expresses no view as to the merits of Mr. Smart's retaliation claim against Sergeant England. The Court simply finds that Mr. Smart's retaliation claim against Sergeant England, in his individual capacity, should survive a screening under 28 U.S.C. § 1915A. The Court adopts the magistrate judge's findings that ADOC and Sergeant England, in his official capacity, are immune from Mr. Smart's claims and that Mr. Smart's Eighth Amendment claim against Sergeant England, in his individual capacity, is barred by the applicable two-year statute of limitations.

The Court returns Mr. Smart's retaliation claim against Sergeant England in his individual capacity to the magistrate judge for additional proceedings.

**DONE** and **ORDERED** this March 5, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE