FILED

2021 Jul-21  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | | |
|---|---|---|
| **GERMAINE SMART,** | ) | |
| **AIS # 193127** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | **4:19-CV-471-MHH-JHE** |
| **RONALD ENGLAND,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SPECIAL REPORT

COMES NOW the Defendants, Ronald England and Gary Malone[1], by and through undersigned counsel, and in accordance with this Honorable Court's Orders, offer the following written report.

## PARTIES

1.    Plaintiff, Germaine Smart, is an inmate of the Alabama Prison System and is currently housed at W. E. Donaldson Correctional Facility.  At all times relevant to this matter, Smart was housed at St. Clair Correctional Facility.

2.    Defendant, Ronald England, is a retired Correctional Lt. who was employed by the State of Alabama Department of Corrections.  At all times relevant to this matter, Lt. England was assigned to St. Clair Correctional Facility.

---

[1] Larry Baker is no longer employed by the ADOC and has not yet been served or requested representation.

3.     Defendant, Gary Malone, is a retired Correctional Lt. who was employed by the State of Alabama Department of Corrections.   At all times relevant to this matter, Lt. England was assigned to St. Clair Correctional Facility.

## EXHIBITS

Exhibit 1 – Affidavit of Ronald England;

Exhibit 2 – Affidavit of Gary Malone;

Exhibit 3 – I&I Investigative Report; and

Exhibit 4 – Disciplinary records.

## PLAINTIFF'S CLAIMS

Smart alleges that around 9:00 p.m. on September 6, 2016, Officer Ronald England came to the Plaintiff's cell and ordered him to strip down to his boxers and place his arms outside of the tray hole to cuff up for a shakedown.   The Plaintiff complied.   After stepping out of his cell, Defendant England ordered the Plaintiff to turn around.   England frisk searched the Plaintiff around his boxers and fondled the Plaintiff's penis and groin.   England's actions startled the Plaintiff and he said, "'What the f—k are you doing grabbing my d—k and nuts' --- 'I'm not gay!'"   Inmate Franky Johnson saw England grab the Plaintiff's penis and Inmate Timothy Gayle saw England reach around, and grab and fumble with the Plaintiff's penis.   Officer Cameron Smith heard the Plaintiff's outburst accusing England of

grabbing and fondling with his penis.  He alleges England "snickered" and stopped groping the Plaintiff's genitals.  England found no contraband on the Plaintiff.

On September 8, 2016, the Plaintiff formally complained to Captain Gary Malone, who reported the incident to ADOC's Inspections and Investigations Division ("I&I").  I&I Investigator Bynum interviewed the Plaintiff, inmates Gayle and Johnson, and Officer Cameron N. Smith. On March 6, 2017, Bynum determined the Plaintiff's complaint against England was "unfounded" and "closed" the investigation.

On March 15, 2017, Officer England charged the Plaintiff with a disciplinary infraction for lying. Plaintiff alleges England's institution of the charge directly violated ADOC OPR Regulation 454, §V(H)(2)(b), titled, "INMATE SEXUAL ABUSE AND HARASSMENT (Prison Rape Elimination Act [PREA]," which prohibits the issuance of a disciplinary report for lying based solely on the fact that an inmate's allegations were unfounded.

During the March 20, 2017, disciplinary hearing, Plaintiff alleges England testified that he "conducted a pat search of" the Plaintiff, who thereafter alleged an inappropriate grabbing of his genitals had taken place.  England also testified I&I had determined the allegation was unfounded. In his defense, the Plaintiff relied on his statement to Investigator Bynum, and the testimony of witnesses Gayle, Johnson, and Smith.  Based on England's sworn testimony, hearing Officer Larry

Baker found the Plaintiff's allegation against Defendant England unfounded. Baker also accepted Investigator Bynum's finding.  Baker found the Plaintiff guilty of lying and recommended 21 days disciplinary segregation and 30 days loss of canteen, telephone and visiting privileges as punishment.  Captain Gary Malone unusually approved the infraction on March 20, 2017.  The Plaintiff claims Officer England instituted disciplinary action against him in retaliation for his report of sexual assault. (Doc. 16).

Initially, this matter was filed solely against England and the Alabama Department of Corrections (ADOC).  (Doc. 1).  Plaintiff claimed only monetary damages against England and demanded ADOC discipline England and pay costs. The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A, and it was the recommendation of the Magistrate Judge that the Matter be dismissed.  (Doc. 10). Plaintiff objected.   (Doc. 13).   Upon review by the District Judge, the recommendation of the Magistrate was adopted as to all counts except "Smart's retaliation claim against Sgt. England in his individual capacity."  (Doc. 15).  The Plaintiff thereafter moved to amend his complaint to add Malone and Baker as Defendants "based on their participation in the alleged retaliatory disciplinary action that Defendant England instituted against him" but asserts no additional facts against them nor claim any specific relief.  (Docs. 21, 25).

## DEFENDANTS' RESPONSE

1.     The Defendants deny that they retaliated against Plaintiff.

2.     The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3.     The Plaintiff has failed to state a claim upon which relief may be granted.

4.     The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

5.     The Defendants are immune from suit due to qualified immunity.

## STATEMENT OF FACTS

The Defendants deny that the disciplinary for lying was in retaliation for making a PREA claim against England.  The I&I investigation revealed that the Plaintiff was upset about being subjected to a "shakedown" for contraband. Plaintiff reported he had been sexually assaulted by England.  (Exhibit 3, p. 1). Sgt. England testified that he approached Smart's cell door and had a conversation with Smart concerning the shakedown. Smart finally complied and Sgt. England handcuffed Smart from the rear through the cell door's tray slot.  Sgt. England instructed the cubicle Officer to roll inmate Smart's cell door.  Sgt. England stated that inmate Smart exited the cell with a pair of shorts on.  Sgt. England conducted a pat-search on Smart by checking his groin area, genital area and waistband area.

Sgt. England stated that he was doing his job and not for sexual gratification.  Sgt. England also searched inmate Smart's cell and found no contraband during either search.   Inmate Smart was placed and secured back into inmate Smart's cell. (Exhibit 3, p. 1).   Smart thought Sgt. England should have strip searched him instead of pat-searched him.  (Exhibit 3, p. 1).

The I&I investigation and report revealed that Lt. Russell Jones observed England at Smart's cell ordering Smart to cuff up and come out.  Smart became loud and belligerent, but complied.  Lt. Jones observed England conduct a pat-search on inmate Smart.  Sgt. England checked inmate Smart's waist band, groin and buttock area, where contraband could be hidden.  England searched Smart's cell and secured Smart back in the cell. (Exhibit 3, p.2).

The I&I investigation and report further revealed that Officer Justin Guthery observed Smart being loud and boisterous.  Sgt. England handcuffed inmate Smart thru the tray hole and Smart exited the cell.  Sgt. England conducted a pat-search on inmate Smart, who was only wearing boxers' shorts.  Sgt. England checked the waist band and groin area of  Smart.  Sgt. England also searched Smart's cell and Smart was secured back in the cell.  This was also confirmed by Officer Cameron Smith.  (Exhibit 3, p. 2).  The final disposition was that Smarts allegations were determined to be unfounded as Sgt. England properly patted down inmate Smart over the outside of his boxer shorts, following Standard Operating Procedure #110

6

for performing a Shakedown/ Pat-Search or Frisk.  (Exhibit 3, p. 2).  This finding necessarily implies that the Plaintiff's assertion of sexual harassment was false and untrue and made out of anger for being pat-searched.  The review was finalized on March 13, 2017.  In a good faith belief that Plaintiff had made false allegations, disciplinary action was initiated for lying.  (Exhibit 4).  The disciplinary finding of guilt was based on the testimony of England and the I&I finding.  (Exhibit 4, p. 8)

## ARGUMENT

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56.  In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The burden of proof is upon the moving party to establish his *prima facie* entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law.  *See Clark v Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading but must come forward with evidence supporting each essential element of his claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989).  Unless the Plaintiff,

who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of facts become immaterial, and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990).  As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case.  "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted].  Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof.  This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

This case is ripe for summary judgment because the Plaintiff cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the Defendants are entitled to judgment as a matter of law.

It should be noted that nowhere in the disciplinary record does it show Plaintiff claiming the hearing was improper under ADOC OPR Regulation 454. The first mention of this by Plaintiff appears to be upon the filing of this suit almost 2 years to the day after the disciplinary was issued.  Regardless, Plaintiff has not stated a valid retaliation claim.

Defendants contend that they are entitled to qualified immunity from Smart's complaint of retaliation in violation of the First Amendment. "Qualified immunity shields public officials from liability for civil damages when their conduct does not violate a constitutional right that was clearly established at the time of the challenged action." *Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016). To obtain a dismissal based on qualified immunity, "a government official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful act occurred." *Id.* If he was, the burden then shifts to the Plaintiff to overcome the official's qualified immunity. *Mikko v. City of Atlanta*, 857 F.3d 1136, 1144 (11th Cir. 2017). To overcome qualified immunity, a Plaintiff must "plead[ ] facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011).

The only "acts" Plaintiff has alleged are that the Defendants disciplined him for lying. Plaintiff has not demonstrated that he had a clear ***constitutional*** right not to be disciplined for lying about the sexual harassment accusation. Plaintiff has only alleged that ADOC procedures were violated by instituting discipline in the first place. Disciplinary matters are generally at the discretion of the prison officials.

The Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. "[N]egligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." *Smith v. Regional Director of Florida Dep't of Corr.*, 368 F. App'x 9, 14 (11th Cir. 2010) (internal citations and quotations omitted). Failure to follow procedures does not, by itself, does not create a cause of action because failing to follow the procedure is at most a form of negligence. *See*, *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000).

Additionally, the PLRA limits a prisoner's available monetary damages in the absence of a physical injury. 42 U.S.C. § 1997e(e). If viable, Plaintiff's retaliation claim is limited to nominal damages on that basis. *See*, *Dugan v. Scott*, Not Reported in Fed. Supp., 2019 WL 4737609

## CONCLUSION

Based on the foregoing, Ronald England and Gary Malone respectfully request that this Honorable Court enter summary judgment in their favor.

Respectfully submitted,

STEVE MARSHALL
ATTORNEY GENERAL

/s/ *Benjamin H. Albritton*
Benjamin H. Albritton
Assistant Attorney General
Counsel for Defendants

10

ADDRESS OF COUNSEL:

Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
334-242-7300 (T)
334-353-8400 (F)
Ben.Albritton@AlabamaAG.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have on July 21, 2021, electronically filed the

foregoing with the Clerk of Court using the CM/ECF system and I further certify

that I have mailed a copy of same to the following:

Germaine Smart, AIS #193127
W.E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

/s/ Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General