# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

GERMAINE SMART,                )
                               )
    Plaintiff,             )
                               )
v.                             )    Case No. 4:19-cv-00471-MHH-JHE
                               )
RONALD ENGLAND, et al.,        )
                               )
    Defendants.            )

## MEMORANDUM OPINION

In his complaint and amended complaint, *pro se* plaintiff Germaine Smart alleges violations of his rights under the United States Constitution or laws of the United States. (Docs. 1, 21). On February 16, 2022, the Magistrate Judge entered a report recommending that the Court grant the defendants' motions for summary judgment and dismiss this action with prejudice. (Doc. 52).[1] Mr. Smart has objected to the report and recommendation. (Doc. 56).[2]

---

[1] The Court received Mr. Smart's response to the defendants' motions for summary judgment after the Magistrate Judge entered his February 16, 2022 report and recommendation. (Doc. 53). In his response, dated February 12, 2022 and received February 22, 2022, Mr. Smart repeats the allegations and arguments that he made in his complaint and amended complaint. (Doc. 53, pp. 1-5). The Court has considered those allegations and arguments.

[2] The Magistrate Judge directed Mr. Smart to file his objections by March 23, 2022. (Doc. 55). Mr. Smart dated his objections March 23, 2022. (Doc. 56, p. 2). The objections are post-marked March 25, 2022. (Doc. 56, p. 3). The Court received the objections on March 28, 2022. (Doc. 56, p. 3).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give fresh consideration to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting H.R. REP. No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

In his objections, Mr. Smart contends that the Magistrate Judge incorrectly determined that his claims do not meet the requirements of *O'Bryant v. Finch*, 637 F.3d 1207 (11th Cir. 2011). (Doc. 56, p. 1). Mr. Smart misunderstands the Magistrate Judge's analysis of *O'Bryant*. The Magistrate Judge found that Mr. Smart's retaliation claim is distinguishable from *O'Bryant* and therefore is not subject to dismissal under *O'Bryant*. (Doc. 52, p. 12). The Magistrate Judge stated: "Because [Sergeant] England violated AR 454, § V(H)(2)(c) by charging [Mr.] Smart with an offense in the first instance, the findings during the disciplinary proceedings, buttressed by *O'Bryant*, cannot shield [Sergeant England] from a

retaliation claim." (Doc. 52, p. 12). Thus, the Magistrate Judge's analysis of the merits of Mr. Smart's First Amendment claim is favorable to Mr. Smart. The Court finds no error in that analysis.

The Magistrate Judge was persuaded by the defendants' argument that they are immune from Mr. Smart's claims. (Doc. 52, pp. 13-15). Mr. Smart contends that the defendants are not entitled to qualified immunity because ADOC Regulation 454 is based on the PREA, a federal law, "[wh]ich means there was a clearly set federal law in place at the time of thier [*sic*] actions and thus [the defendants] should be denied summary judgment." (Doc. 56, p. 2).

Mr. Smart's objection to the Magistrate Judge's finding regarding qualified immunity fails for two reasons. First, as the Magistrate Judge explained in his report, when a state actor asserts the defense of qualified immunity and demonstrates that the conduct at issue fell within his discretionary duties as a government officer, the burden shifts to the plaintiff to "show that '(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation.'" (Doc. 52, p. 13) (quoting *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (footnote and citation omitted)). In his response to the defendants' motion for summary judgment, Mr. Smart noted that the defendants raised the defense of qualified immunity, (Doc. 53, p. 2), but Mr. Smart did not address the "clearly established" element of the test for qualified immunity in his

response. Viewing the response in the light most favorable to Mr. Smart, he argued that defendants England and Smart clearly violated ADOC OPR Regulation 454 which states that "an inmate reporting sexual abuse or sexual harassment shall not be issued a disciplinary report for lying based solely on the fact that their allegations were unfounded . . . ." (Doc. 53, pp. 4, 7-8). Mr. Smart also stated that there was a PREA violation, but he did not identify an anti-retaliation provision in the PREA, and the Court has not found one. Therefore, Mr. Smart did not carry his burden in his opposition to the defendants' motion for summary judgment based on qualified immunity.

Second, as the Magistrate Judge explained in his report, qualified immunity protects government officials performing discretionary functions from civil suit and liability in their individual capacity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hill v. Cundiff*, 797 F.3d 948, 978 (11th Cir. 2015) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In his objections, Mr. Smart has not cited a decision from the Supreme Court or the Eleventh Circuit that demonstrates that the defendants' conduct violated a clearly established federal right when the defendants violated ADOC OPR Regulation 454. Mr. Smart correctly points out that he can carry his burden concerning qualified immunity without citing a decision from the United States Supreme Court or the Eleventh Circuit Court of Appeals if he cites a

4

federal statute that the defendants violated.  Mr. Smart contends that the defendants violated ADOC OPR Regulation 454 which cites the PREA or Prison Rape Elimination Act.  (Doc. 56, p. 2).

Mr. Smart's interpretation of ADOC OPR 454 is correct; the regulation unambiguously prohibits retaliation for reports of sexual harassment and states that an inmate reporting sexual harassment "shall not be issued a disciplinary report for lying based solely on the fact that their allegations were unfounded . . . ." (Doc. 15, p. 4) (quoting OPR 454, §§ V(H)(2)(c) and V(K)(1), (2)).  Mr. Smart also correctly argues that ADOC OPR 454 is based on the PREA.  The nexus between the state regulation and the federal statute is irrefutable.  The state regulation is titled: "Inmate Sexual Abuse and Harassment (Prison Rape Elimination Act [PREA])." STATE OF ALABAMA DEPARTMENT OF CORRECTIONS, INMATE SEXUAL ABUSE AND HARASSMENT, http://www.doc.state.al.us/docs/AdminRegs/AR454.pdf (last visited April 25, 2022).  The state regulation recognizes "the DOJ requirements" for "institutional audits for compliance with Federal PREA Standards."  OPR 454, § III(D).  Throughout, the regulation refers to the PREA.  *See* OPR 454, § III(J) (defining the term "PREA Director"); OPR 454, § III(K) (defining the term "Prison Rape Elimination Act (PREA) of 2003"); OPR 454, § III(L) (adopting PREA definition of "Sexual Abuse"); OPR 454, § III(O) (adopting PREA Standard § 115.6 definition of "Sexual Harassment"); OPR 454, § IV(A) (stating "The Commissioner

shall be responsible for ADOC's compliance with federal and state laws relating to PREA."); OPR 454, § IV(E)(1), (7), (8) (stating that the PREA Director "shall be responsible for [i]mplementing, managing, and monitoring ADOC's compliance with the PREA standards," "[c]onducting annual internal audits of ADOC institutions . . . to ensure compliance with AR 454 and Federal PREA Standards," and "[e]nsuring policy is in place such that inmates . . . who report . . . sexual harassment . . . are protected from retaliation by . . . employees/staff . . ."); OPR 454, § IV(L) ("The Personnel Director shall ensure adherence to all ADOC policies and procedures relating to Federal PREA compliance, specifically as they relate to employment.").

Thus, Mr. Smart has demonstrated that reasonable officers in the defendants' positions would know that they violated ADOC OPR 454, and the officers would know that OPR 454 was based on the PREA. But the Eleventh Circuit Court of Appeals interprets qualified immunity broadly and requires notice of the violation of federal law. The Court has found no case in which the Eleventh Circuit Court of Appeals or the Supreme Court has allowed a plaintiff to carry his burden of proving notice by relying on a clearly established state regulation, even one that rests entirely on a federal statute. And, as mentioned, the Court has not found an anti-retaliation provision in the PREA itself. A DOJ regulation, 28 C.F.R. § 115.67 Agency Protection Against Retaliation, speaks to retaliation against prisoners who report

sexual harassment, but the Court has found no authority that indicates that a plaintiff may rely on a federal regulation to overcome a defense of qualified immunity.

Therefore, the Court overrules Mr. Smart's objection and grants the defendants' motion for summary judgment based on the defendants' argument that they are entitled to qualified immunity on Mr. Smart's First Amendment claim for retaliation. Viewing the record in the light most favorable to Mr. Smart, the evidence relating to the merits of his retaliation claim is persuasive as is the logic of his argument concerning notice to officers by virtue of ADOC OPR 454, but binding precedent concerning the type of notice that defendants must receive compels the conclusion that the defendants are entitled to qualified immunity. Therefore, by separate order, the Court will dismiss Mr. Smart's retaliation claim against the defendants and close the file.

**DONE** and **ORDERED** this April 25, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE